**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JULLIAN MALDONADO,** | : | **CIVIL ACTION NO. 1:26-CV-1748** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **TIM BETTI,**[1] | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case under 28 U.S.C. § 2254. Petitioner, Jullian Maldonado, challenges a state criminal conviction for endangering the welfare of children and indecent assault of a person less than 13 years of age in the Lackawanna County Court of Common Pleas based on an alleged violation of his Fourth Amendment rights during his underlying arrest. The petition will be dismissed for failure to exhaust state court remedies.

## I. Factual Background & Procedural History

Maldonado filed this case on June 24, 2026. According to the petition, he was convicted of endangering the welfare of children and indecent assault of a person less than 13 years of age in 2025 and sentenced to 6-12 years of imprisonment. (Doc.

---

[1] In addition to Tim Betti, the petition names Pennsylvania's Office of Attorney General ("OAG") as a respondent. The undersigned notes that prior to her appointment to this court, she was employed by the OAG as an attorney. Because the OAG is not a proper respondent to this case and no attorneys from the Attorney General's office have entered an appearance in the case, the court finds that the naming of the OAG as a respondent in the initial petition does not require the undersigned to recuse herself from the case pursuant to 28 U.S.C. § 455. The OAG will be dismissed from the case as an improper respondent.

1 at 1-2). Maldonado attempted to appeal his conviction, but he asserts that his attorney "either filed to dismiss [his] appeal or the Superior Court filed to dismiss [his] appeal." (Id. at 2). Maldonado's sole claim for habeas corpus relief is that an officer of the Scranton Police Department violated his Fourth Amendment rights by entering his home and arresting him without a warrant on October 23, 2024. (Id. at 5). Maldonado notes that he filed a petition for state collateral relief advancing this claim under Pennsylvania's Post-Conviction Relief Act ("PCRA") on June 9, 2026. (Id. at 6). He notes that the state courts of Pennsylvania have not yet ruled on the PCRA petition. (Id.)

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

## III. Discussion

Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 842. In Pennsylvania, a petitioner may properly exhaust state court remedies by presenting a claim to the Pennsylvania Superior Court and is not required to appeal to the

Pennsylvania Supreme Court. Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004). Petitioners seeking habeas corpus relief in federal court have the burden to establish exhaustion of state court remedies. DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005).

Dismissal of this case is appropriate for failure to exhaust state court remedies. As Maldonado acknowledges, he has filed a PCRA petition advancing his federal claim, and the state courts have not yet ruled on that petition. (Doc. 1 at 6). Accordingly, the petition will be dismissed for failure to exhaust state court remedies.[2]

## IV. Conclusion

The petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust state court remedies. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: August 3, 2026

[2] It appears that dismissal may also be appropriate because the sole claim advanced by Maldonado is for a violation of his Fourth Amendment rights, which is generally not an actionable claim in federal habeas corpus proceedings. See Stone v. Powell, 428 U.S. 465, 494 (1976); Deputy v. Taylor, 19 F.3d 1485, 1491 (3d Cir. 1994) (citing Stone, 428 U.S. at 494). However, given Maldonado's admitted failure to exhaust state court remedies, the dismissal of this case will be without prejudice to his right to re-file this or any other federal claims once he has exhausted his state court remedies.